UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 CASE |
| | ) | |
| JAMES G. LANDA ENTERPRISES, LLC | ) | CASE NO. 08-32504 |
| | ) | |
| | ) | |
| | ) | HON. Eugene R. Wedoff |
| Debtor. | ) | Hearing Date:  January 22, 2013 |
| | | Hearing Time:  10:00 a.m. |

**COVER SHEET FOR APPLICATION FOR**
**PROFESSIONAL COMPENSATION**

Name of Applicant:     GUS A. PALOIAN, Chapter 7 Trustee

Period for Which
Compensation is Sought:     November 26, 2008, through the close of the case

Amount of Fees Sought:     $3,000.54

Amount of Expense
Reimbursement Sought:     $0.00

This is an:                           Interim Application  _____     Final Application:     X

If this is <u>not</u> the first application filed herein by this professional, disclose as to all prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees & Expenses) | Total Allowed |
|---|---|---|---|
| | | | |
| | | | |

The aggregate amount of fees and expenses <u>paid</u> to the Applicant to date for services rendered and expenses incurred herein is:

Date:     November 5, 2012          By:     /s/ Gus A. Paloian
                                          Applicant: GUS A. PALOIAN, Chapter 7 Trustee

14566687v.1

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: ) | Case No. 08-32504 |
| ) | Chapter 7 |
| JAMES G. LANDA ENTERPRISES, LLC ) | |
| ) | Hon. Eugene R. Wedoff |
| Debtor. ) | |
| ) | Hearing Date: January 22, 2013 |
| ) | Hearing Time: 10:00 a.m. |

**FIRST AND FINAL APPLICATION FOR ALLOWANCE AND PAYMENT OF
COMPENSATION TO CHAPTER 7 TRUSTEE**

Gus A. Paloian, not individually or personally, but solely in his capacity as the duly-appointed Chapter 7 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of the above-captioned debtor (the "Debtor"), respectfully requests (the "Application") that the Court enter an order, substantially in the form of that attached hereto, allowing and authorizing payment to the Trustee of $3,000.54 in final compensation (the "Fees") for services rendered in the above-captioned case from November 26, 2008, through the closing of the case (the "Application Period"). In support of this Application, the Trustee respectfully states as follows:

**I. JURISDICTION**

1.  This Court has subject matter jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334, and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. Venue of this proceeding and this Application is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(1) and (b)(2)(A) and/or (M). The predicates for the relief requested herein are 11 U.S.C. §§ 326(a) and 330(a), as supported by Federal Rules of Bankruptcy Procedure 2016(a), and 9034(e)

14566687v.1

## II. BACKGROUND

### A. Procedural Background

2. On November 26, 2008, the Debtor filed its voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 through 1330, as amended (the "Bankruptcy Code"), thereby commencing the above-captioned case (the "Case").

3. Shortly thereafter, Gus A. Paloian was appointed as Chapter 7 Trustee in the Case.

### B. Overview of Asset Recoveries for the Estate

4. The Trustee negotiated for the sale of the Debtor's personal property. Pursuant to this Court's order approving the retention of an auctioneer to liquidate Debtor's personal property, the Trustee recovered gross proceeds of $22,505.38.

### C. Services Rendered by the Trustee to the Estate

5. During the Application Period, the Trustee performed 20.30 hours of actual and necessary services on behalf of the Estate, worth a total value of $3,964.00.

6. The Services included, but were not limited to, the following:

   A. Instructing counsel to prepare necessary pleadings and motions in the cases;

   B. Reviewing schedules, bank ledgers and claims in preparation of final report;

   C. Communicating with tax accountants with respect to evaluating the Estate's tax obligations;

   D. Maintaining Estate's bank accounts, performing bank reconciliations and investing the funds collected and liquidated;

  E. Monitoring liquidation and collection of Estate assets; and

  F. Preparing reports, as required, by the United States Trustee.

### III. RELIEF REQUESTED

7. The Trustee respectfully requests that the Court allow and award him, on a final basis, the Fees and authorize the him to pay the Fees out of Estate funds, for services rendered in the Case, subject to the voluntary subordination of the Fees to the allowed administrative expense claims of Trustee's Attorneys and Trustee's Accountants (collectively, the "Professional Claims"). A draft order granting such relief is attached hereto for the Court's consideration.

### IV. BASIS FOR REQUESTED RELIEF

#### A. Applicable Standards for Trustee Compensation

8. Sections 326(a) and 330(a) of the Bankruptcy Code guide the Court in determining the amount of compensation to be awarded to a trustee. See Staiano v. Cain (In re Lan Assocs. XI, L.P.), 192 F.3d 109, 115 (3d Cir. 1999); In re Jenkens, 130 F.3d 1335, 1337 (9th Cir. 1997).

9. Section 326(a) of the Bankruptcy Code limits the maximum amount of compensation that may be awarded to a trustee. See id.; In re Churchfield Mgmt. & Inv. Corp., 98 B.R. 838, 889 (Bankr. N.D. Ill. 1989) (Schmetterer, J.). This amount is "calculated by a percentage of the moneys brought into the Estate by the trustee's services." Churchfield Mgmt. & Inv. Corp., supra. In this respect, Section 326(a) of the Bankruptcy Code provides, as follows:

> In a case under chapter . . . 11, the court may allow reasonable compensation under section 330 of this title of the trustee for the trustee's services, payable after the trustee renders such services, not to exceed 25 percent on the first $5,000 or less, 10 percent on any amount in excess of $5,000 but not in excess of $50,000, 5 percent on any amount in excess of $50,000 but not in excess of $1,000,000, and reasonable compensation not to exceed 3 percent of such moneys in excess of $1,000,000, upon all moneys disbursed or turned over in

3

14566687v.1

>   the case by the trustee to parties in interest, excluding the debtor, but including holders of secured claims.

11 U.S.C. § 326(a).

10. The Court has the power to determine the reasonableness of the compensation requested by a trustee, up to the statutory limit. See In re The Landing, Inc., 142 B.R. 169, 171 (Bankr. N.D. Ohio 1992) (collecting cases).

11. In this connection, Section 330(a)(1) of the Bankruptcy Code enumerates the general standard for approving trustee requests for compensation, as follows:

>   (a)(1)  After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a trustee, . . . [or to] a professional person employed under section 327 or 1103—
>   (A)  reasonable compensation for actual, necessary services rendered by the trustee, examiner, ombudsman, professional person, or attorney and by any paraprofessional person employed by any such person;  and
>   (B)  reimbursement for actual, necessary expenses.

11 U.S.C. § 330(a)(1).

12. "The ultimate issue to be reached is the question of the extent, value, necessity and reasonableness of the work performed for which compensation is sought by the Trustee and the attorneys and paralegals for the Trustee[.]"  In re Prairie Cent. Ry. Co., 87 B.R. 952, 956 (Bankr. N.D. Ill. 1988) (Squires, J.).

13. The Trustee respectfully submits that the Application provides the Court with the information necessary to determine the Trustee's reasonable compensation.

### B. Application of the Cited Standards to the Requested Relief

14. This Application is the Trustee's first and final application for compensation in this Case.

15. The Section 326(a) calculation permits the Trustee to receive a potential total fee award of up to $3,000.54.

16. As part of this Application, the Trustee requests that he be authorized to pay the amount awarded from the funds on hand in the case, subject to the voluntary subordination as more fully described herein, and that the monies awarded and paid to Trustee be deemed final.

## V. TRUSTEE'S FINAL REQUEST FOR COMPENSATION

17. The maximum compensation allowable to Trustee based upon Section 326(a) of the Bankruptcy Code is calculated as follows:

| | | |
|---|---|---|
| 25% of the first $5,000.00 disbursed | = | $1,250.00 |
| 10% of the next $19,163.70 disbursed | = | $1,750.54 |
| MAXIMUM COMPENSATION ALLOWABLE | = | $3,000.54 |
| **COMPENSATION REQUESTED** | = | **$3,000.54** |

18. As of November 5, 2012, the Trustee collected $22,505.38 for the benefit of the Estate and disbursed $49.57. There will be no funds turned over to the Debtor in the Case.

19. The Trustee requests allowance of final compensation in this case in the amount of $3,000.54. The amount requested is equal to the maximum compensation allowable as set forth above.

20. The Trustee believes that the Trustee's request for compensation is justified under a reasonableness analysis of the facts of this case.

## VI. NO PRIOR REQUEST

21. No prior request for the relief requested by this Application has been made to this Court or to any other court.

5

WHEREFORE, Gus A. Paloian, not individually or personally, but solely in his capacity as the duly-appointed Trustee of the Debtor's Estate, respectfully requests that the Court enter an Order:

    A.    Allowing and awarding compensation to Trustee in the amount of $3,000.54 on a final basis; and

    B.    Granting such other and further relief as the Court deems just and proper.

Dated:  November 21, 2012        Respectfully submitted,

SEYFARTH SHAW LLP

By: /s/ Gus A. Paloian
    Gus A. Paloian (06188186)
    SEYFARTH SHAW LLP
    131 South Dearborn Street
    Suite 2400
    Chicago, Illinois 60603-5577
    Telephone:  (312) 460-5000

# EXHIBIT 1

14566687v.1

## TRUSTEE

| Date | Description | Timekeeper | Hours | Value |
|---|---|---|---|---|
| 06/23/09 | Update TCMS regarding asset sales. | J. McManus | 0.10 | 23.00 |
| 06/23/09 | Conference with J. McManus regarding new accounts in TCMS (.20); open new money market account (.20); open new checking account (.20); deposit funds regarding sale of assets (.30); enter check into receipts log (.10). | N. Bouchard | 1.00 | 105.00 |
| 07/20/09 | Attend to deposit of funds regarding liquidated assets. | N. Bouchard | 0.20 | 21.00 |
| 07/21/09 | Enter assets into TCMS. | J. McManus | 0.40 | 92.00 |
| 07/24/09 | Review liquidation spreadsheet (.10); update case file (.10). | J. McManus | 0.20 | 46.00 |
| 07/29/09 | Reconcile monthly bank statements (.10); update banking file (.10). | N. Bouchard | 0.20 | 21.00 |
| 08/05/09 | Update claims in TCMS. | J. McManus | 0.20 | 46.00 |
| 08/19/09 | Deposit check from Chicago Liquidators (.30); review invoices from same regarding fee for sale of property for G. Paloian (.40). | N. Bouchard | 0.70 | 73.50 |
| 08/24/09 | Update banking file. | N. Bouchard | 0.10 | 10.50 |
| 09/15/09 | Investigate status of completion of on line sales. | G. Paloian | 0.30 | 162.00 |
| 09/18/09 | Deposit funds regarding sale of Debtor's assets for G. Paloian. | N. Bouchard | 0.20 | 21.00 |
| 10/01/09 | Reconcile monthly bank statements. | N. Bouchard | 0.10 | 10.50 |
| 10/20/09 | Follow-up regarding case closing status. | J. McManus | 0.20 | 46.00 |
| 10/28/09 | Prepare draft distribution report. | J. McManus | 0.20 | 46.00 |
| 11/02/09 | Reconcile monthly bank statements (.10); update banking file (.10). | N. Bouchard | 0.20 | 21.00 |
| 12/17/09 | Prepare case status report (.30); run distribution report in anticipation of case closing (.30); review same (.10). | J. McManus | 0.70 | 161.00 |
| 12/17/09 | Reconcile monthly bank statements. | N. Bouchard | 0.10 | 10.50 |
| 12/22/09 | Update scheduled creditors in TCMS. | J. McManus | 0.30 | 69.00 |
| 12/30/09 | Revise Form 3. | J. McManus | 0.20 | 46.00 |
| 01/04/10 | Prepare Annual Report. | J. McManus | 0.20 | 47.00 |
| 01/08/10 | Prepare Annual Report. | J. McManus | 0.20 | 47.00 |
| 01/12/10 | Update Assets ledger in preparation for Annual Report. | J. McManus | 0.30 | 70.50 |
| 01/19/10 | Enter scheduled assets into TCMS. | J. McManus | 0.30 | 70.50 |

| **Date** | **Description** | **Timekeeper** | **Hours** | **Value** |
|---|---|---|---|---|
| 01/25/10 | Revise Form 2. | J. McManus | 0.20 | 47.00 |
| 01/26/10 | Review and revise Form 1. | J. McManus | 0.20 | 47.00 |
| 01/29/10 | Reconcile monthly bank statements (.10); download claims register and review claims regarding final report (.20). | N. Bouchard | 0.30 | 33.00 |
| 03/01/10 | Update banking file. | N. Bouchard | 0.20 | 25.00 |
| 03/04/10 | Respond to U.S. Trustee annual report inquiries. | J. McManus | 0.20 | 47.00 |
| 03/11/10 | Download annual Forms 1 & 2 and cause same to be filed with the Court. | J. McManus | 0.30 | 70.50 |
| 08/30/10 | Confer with L. West regarding tax return requirement (.10); prepare distribution report (.50). | J. McManus | 0.60 | 141.00 |
| 09/14/10 | Update claims in TCMS (.20); update assets in TCMS (.10). | J. McManus | 0.30 | 70.50 |
| 01/13/11 | Revise Form 3 for Annual Report. | J. McManus | 0.20 | 49.00 |
| 03/07/11 | Reconcile January bank statements (.10); compile December and January bank statements and reconciliations for filing (.10). | A. Shepro | 0.20 | 17.00 |
| 04/18/11 | Reconcile March bank statements (.10), and file (.10). | A. Shepro | 0.20 | 17.00 |
| 05/11/11 | Reconcile April bank statements (.10); and file (.10). | A. Shepro | 0.20 | 17.00 |
| 06/27/11 | Reconcile May bank statement (.10), and file in banking file (.10). | A. Shepro | 0.20 | 17.00 |
| 07/27/11 | Reconcile June bank statements (.10); and file (.10). | A. Shepro | 0.20 | 17.00 |
| 10/04/11 | Review bank accounts to analyze for minimization of technology service fee (.10); transfer funds and close account to minimize fees (.20); analyze claims filed to determine validity and need for objections (.30); memo to J. McManus regarding same and issues with Bank of America claims (.10); review docket for information needed to prepare TFR and close case (.20); memo to L. West regarding tax issues of estate (.20). | R. Knapp | 1.10 | 253.00 |
| 11/02/11 | Reconcile August (.10) and September (.10) Bank of America account statements. | A. Shepro | 0.20 | 17.00 |
| 11/29/11 | Prepare/compile documents for transfer of estate bank accounts. | R. Knapp | 0.40 | 92.00 |
| 12/02/11 | Reconcile Estate account. | R. Knapp | 0.10 | 23.00 |
| 01/17/12 | Update system with recent account activity as needed in preparation of interim reports. | R. Knapp | 0.30 | 72.00 |

| Date | Description | Timekeeper | Hours | Value |
|---|---|---|---|---|
| 01/29/12 | Update banking records to record recent transactions (.20); perform bank account reconciliation (.20). | R. Knapp | 0.40 | 96.00 |
| 03/14/12 | Prepare Final Report. | J. McManus | 0.50 | 127.50 |
| 03/15/12 | Assemble bank statements for J. Nelson at UST's office in preparation for audit. | J. McManus | 0.20 | 51.00 |
| 03/29/12 | Prepare Final Report. | J. McManus | 0.50 | 127.50 |
| 03/30/12 | Prepare Final Report. | J. McManus | 0.50 | 127.50 |
| 06/13/12 | Prepare NFR; revise same; confer with TES regarding report builder for NFR. | J. McManus | 0.70 | 178.50 |
| 07/19/12 | Revise Final Report. | J. McManus | 0.40 | 102.00 |
| 08/27/12 | Revise Final Report. | J. McManus | 0.90 | 229.50 |
| 08/28/12 | Revise Final Report. | J. McManus | 1.50 | 382.50 |
| 09/19/12 | Revise Final Report. | J. McManus | 0.80 | 204.00 |
| **TOTAL** | | | **20.30** | **$3,964.00** |