# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 08-32504 |
| | ) | Chapter 7 |
| JAMES G. LANDA ENTERPRISES, LLC, | ) | |
| | ) | Hon. Eugene R. Wedoff |
| Debtor. | ) | |
| | ) | Hearing Date: January 22, 2013 |
| | ) | Hearing Time: 10:00 a.m. |

## COVER SHEET FOR FIRST AND FINAL APPLICATION FOR COMPENSATION AND EXPENSE REIMBURSEMENT OF SEYFARTH SHAW LLP AS COUNSEL TO CHAPTER 7 TRUSTEE, GUS A. PALOIAN

Name of Applicant:                                Seyfarth Shaw LLP

Authorized to Provide
Professional Services to:                         Chapter 7 Trustee, Gus A. Paloian

Date of Retention:                                December 8, 2009, effective as of January 20, 2009

Period for which Compensation
and Reimbursement is Sought:                      January 20, 2009 through the close of the case

Amount of Final Compensation
Sought:                                           $7,712.00

Amount of Final Expense
Reimbursement Sought:                             $490.41

This is a:    X    Final    _____ Interim Application.

Prior Applications:  None

Dated: November 21, 2012                  Respectfully submitted,

                                          GUS A. PALOIAN, not individually or
                                          personally, but solely in his capacity as the
                                          Chapter 7 Trustee of  the Debtor's Estate,

                                          By:/s/ Gus A. Paloian
                                             Gus A. Paloian (06188186)
                                             James B. Sowka (6291998)
                                             SEYFARTH SHAW LLP
                                             131 South Dearborn Street
                                             Suite 2400
                                             Chicago, Illinois 60603
                                             Telephone:  (312) 460-5000
                                             Facsimile:  (312) 460-7000

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 08-32504 |
| | ) | Chapter 7 |
| JAMES G. LANDA ENTERPRISES, LLC, | ) | |
| | ) | Hon. Eugene R. Wedoff |
| Debtor. | ) | |
| | ) | Hearing Date: January 22, 2013 |
| | ) | Hearing Time: 10:00 a.m. |

**FIRST AND FINAL APPLICATION FOR COMPENSATION AND EXPENSE**
**REIMBURSEMENT OF SEYFARTH SHAW LLP AS COUNSEL**
**TO CHAPTER 7 TRUSTEE GUS A. PALOIAN**
**FROM JANUARY 20, 2009 THROUGH THE CLOSE OF THE CASE**

Pursuant to Sections 105(a) and 330 of the United States Bankruptcy Code, Seyfarth

Shaw LLP ("Seyfarth"), as counsel to Gus A. Paloian, not individually or personally, but solely

in his capacity as the duly-appointed Chapter 7 trustee (the "Trustee") of the bankruptcy estate

(the "Estate") of the above-captioned debtor (the "Debtor"), hereby submits its First and Final

Application for Compensation and Expense Reimbursement (the "Application") for legal

services performed, and expenses incurred, during the period of January 20, 2009, through the

close of the case (the "Application Period").  In support of this Application, Seyfarth respectfully

represents, as follows:

## I.  INTRODUCTION

1.      Seyfarth makes this Application pursuant to:  (A) Sections 330, 503(a) and (b),

and 507(a)(2) of title 11 of the United States Code, 11 U.S.C. §§ 101 through 1330, as amended

(the "Bankruptcy Code");  (B) Rule 2016 of the Federal Rules (the "Rules") of Bankruptcy

Procedure;  (C) certain applicable provisions of the Guidelines for Reviewing Applications for

Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330, as adopted by the

Office of the United States Trustee;  (D) Rule 5082-1 of the Local Bankruptcy Rules (the "Local

Rules") for the United States Bankruptcy Court for the Northern District of Illinois (the "Court");

(E) that certain Order of the Court, dated July 17, 2012, authorizing Seyfarth's retention as

counsel to the Trustee effective retroactively as of January 20, 2009 (the "Seyfarth Retention

Order"); and (F) other applicable case law discussed herein (collectively, the "Authorities for

Relief"). In this regard, Seyfarth has made every reasonable effort to comply with the

Authorities for Relief.

2.      In making this Application, Seyfarth respectfully seeks an Order of this Court

awarding and authorizing payment from the Estate of final allowance of compensation in the

amount of $7,712.00 (the "Fees") for professional services rendered by Seyfarth on behalf of the

Trustee during the Application Period and for reimbursement of expenses in the amount of

$490.41 (the "Expenses") for actual and necessary expenses incurred by Seyfarth in the

performance of those services.

## II.  JURISDICTION

3.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and

1334. This matter is before the Court pursuant to 28 U.S.C. § 157 and Internal Operating

Procedure 15(a) of the United States District Court for the Northern District of Illinois. Venue of

this Case and this Application is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

Consideration of this Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(1) and

(b)(2)(A), (M), and/or (O). The predicates for the relief requested herein are 11 U.S.C. §§

105(a), 330, and 331.

14566670v.1

### III. BACKGROUND

#### A. Case Background

4.      On May 27, 2009 (the "Petition Date"), the Debtor filed its voluntary petition for relief under Chapter 7 of the Bankruptcy Code thereby initiating this case (the "Case").

5.      Shortly thereafter, Gus A. Paloian was appointed as Chapter 7 Trustee for the Estate.

6.      Seyfarth was employed as attorneys for the Trustee pursuant to the Seyfarth Retention Order.  A copy of the Seyfarth Retention Order is attached hereto as **Exhibit 1.**

#### B. Summary of Services Rendered by Seyfarth to the Trustee

7.      This is Seyfarth's First and Final Application for compensation and expense reimbursement in the Case.

8.      Seyfarth has neither previously received nor been awarded any compensation of fees, or reimbursement of expenses incurred, related to the Case during the Application Period.

9.      In accordance with Section 504 of the Bankruptcy Code, Rule 2016, and the U.S. Trustee Guidelines, no payments have heretofore been made, promised to, or applied by Seyfarth for services rendered or to be rendered or expenses incurred in any capacity whatsoever in connection with the Case.  Moreover, no agreement or understanding exists between Seyfarth and any other entity for a division of compensation or expense reimbursement to be received herein or in connection with the Case, other than as permitted under the Bankruptcy Code and Rules.

10.      The Fees requested by Seyfarth for legal services rendered to the Trustee during the Application Period aggregate $7,712.00.  A breakdown of this amount by each Seyfarth professional; each such professional's title, hourly rate, and total hours expended in providing legal services; and the value attributable to such legal services is, as follows:

3

14566670v.1

| PROFESSIONAL | TITLE | HOURLY RATES | TOTAL HOURS | VALUE |
|---|---|---|---|---|
| Gus A. Paloian | Partner | $540.00 (2009)<br>$600.00 (2012) | 1.90 | $1,122.00 |
| James B. Sowka | Sr. Associate | $310.00 (2009)<br>$395.00 (2012) | 2.80 | $893.50 |
| Christopher J. Harney | Associate | $315.00 (2012) | 3.10 | $976.50 |
| Andrew Connor | Paralegal | $265.00 (2012) | 2.60 | 689.00 |
| Jennifer M. McManus | Paralegal | $230.00 (2009)<br>$235.00 (2010)<br>$245.00 (2011)<br>$255.00 (2012) | 16.20 | $3,960.00 |
| Nina Bouchard | Former Paralegal | $105.00 (2009)<br>$110.00 (2010) | .60 | $71.00 |
| **TOTAL:** | | | **27.20** | **$7,712.00** |

The above-table indicates the respective discounted hourly rates of Seyfarth professionals during the Application Period as adjusted from time to time by Seyfarth pursuant to its normal and customary billing practices.

11.     Biographies for the attorneys listed above describing their qualifications and areas of expertise, are grouped and attached hereto as **Exhibit 2,** which is incorporated herein by reference.

12.     During the Application Period, Seyfarth made every reasonable effort to have the services that it rendered to the Trustee performed by those qualified professionals charging the lowest hourly rates consistent with the level of service, experience, and efficiency required of a given task.

4

13.     All of the Fees for which Seyfarth requests final allowance and payment of compensation relate to the Application Period and were rendered in connection with the Case and in the discharge of Seyfarth's professional responsibilities as counsel to the Trustee.

14.     Seyfarth respectfully submits that its services to the Trustee during the Application Period have, in all respects, been reasonable, necessary, and beneficial to the Estate, as further discussed herein.

15.     During the Application Period, Seyfarth has rendered 27.20 hours.  All of the Fees for which Seyfarth requests allowance and payment of compensation relate to the Application Period.  Copies of all such records for the Application Period are attached hereto as **Exhibit 3**.

16.     The services rendered by Seyfarth on behalf of the Trustee primarily have been in connection with the liquidation of the Estate's property.  For the Court's convenience, Seyfarth has separated the services in three categories below:

A.     **Case Administration:** Seyfarth represented the Trustee with respect to general case administration matters, including obtaining the turnover of various documents required and requested by the Trustee for his administration of the Case; the retention of an auctioneer to assist in the sale of Debtor's assets which realized more than $22,000.00 for the benefit of the Estate's creditors; and the preparation of the Trustee's Motion to Retain Counsel. In connection with the foregoing, Seyfarth has expended 6.40 hours of services for which it requests compensation in the amount of $1,829.50;

A breakdown of the professional services in this category is as follows:

5

| PROFESSIONAL, TITLE AND LOCATION | 2009 HOURLY RATE | 2010 HOURLY RATE | 2011 HOURLY RATE | 2012 HOURLY RATE | TOTAL HOURS | VALUE |
|---|---|---|---|---|---|---|
| James B. Sowka SR. ASSOCIATE | $310.00 | N/A | N/A | N/A | 2.20 | $682.00 |
| Christopher J. Harney ASSOCIATE | N/A | N/A | N/A | $315.00 | 1.70 | $535.50 |
| Andrew Connor PARALEGAL | N/A | N/A | N/A | N/A | .80 | $212.00 |
| Jennifer M. McManus PARALEGAL | $230.00 | $235.00 | $245.00 | $255.00 | 1.70 | $400.00 |
| **TOTAL** | | | | | **6.40** | **$1,829.50** |

B.      **Fee Applications:**  Seyfarth prepared this Application.  In connection with the foregoing, Seyfarth has expended 5.60 hours of services for which it requests compensation in the amount of $1,403.00;

A breakdown of the professional services in this category is as follows:

| PROFESSIONAL, TITLE AND LOCATION | 2011 HOURLY RATE | 2012 HOURLY RATE | TOTAL HOURS | VALUE |
|---|---|---|---|---|
| Jennifer M. McManus PARALEGAL | $245.00 | $240.00 | 5.60 | $1,403.00 |
| **TOTAL** | | | **5.60** | **$1,403.00** |

C.      **Claims Administration and Analysis:**

17.      During the Application Period, Seyfarth expended 11.50 hours, worth a value of $3,536.50, on behalf of the Trustee on matters of claims administration and analysis, including: review and analysis of priority and unsecured claims filed in the case, and preparation of objections to priority claims.

6

A breakdown of the professional services in this category is as follows:

| PROFESSIONAL, TITLE AND LOCATION | 2010 HOURLY RATE | 2011 HOURLY RATE | 2012 HOURLY RATE | TOTAL HOURS | VALUE |
|---|---|---|---|---|---|
| Gus A. Paloian PARTNER | N/A | N/A | $600.00 | 1.60 | $960.00 |
| James B. Sowka SR. ASSOCIATE | N/A | N/A | $395.00 | .30 | $118.50 |
| Christopher J. Harney ASSOCIATE | N/A | N/A | $315.00 | 1.40 | $441.00 |
| Andrew Connor PARALEGAL | N/A | N/A | $265.00 | 1.80 | $477.00 |
| Jennifer M. McManus PARALEGAL | $235.00 | $245.00 | $255.00 | 6.00 | $1,490.00 |
| Nina Bouchard FORMER PARALEGAL | $105.00 | N/A | N/A | .40 | $50.00 |
| TOTAL | | | | 11.50 | $3,536.50 |

        D.      **Sale of Assets**:  Seyfarth advised the Trustee as to the sale of the Estate's interest in personal property comprised of certain inventory and equipment ("Assets"); Seyfarth represented the Trustee in connection with overseeing the auctioneer's liquidation of the Assets; Seyfarth investigated, verified and determined the liens on the Assets and advised the Trustee as to the validity of liens asserted against the proceeds of the asset liquidation.  As a result of these efforts, the Trustee recovered gross proceeds of $22,505.38 for the benefit of the Estate's creditors.  In connection with the foregoing, Seyfarth expended 3.70 hours of time for which it requests compensation in the amount of $943.00.

        A breakdown of the professional services in this category is as follows:

7

| PROFESSIONAL, TITLE AND LOCATION | 2009 HOURLY RATE | TOTAL HOURS | VALUE |
|---|---|---|---|
| Gus A. Paloian PARTNER | $540.00 | .30 | $162.00 |
| James B. Sowka SR. ASSOCIATE | $310.00 | .30 | $93.00 |
| Jennifer M. McManus PARALEGAL | $245.00 | 2.90 | $667.00 |
| Nina Bouchard FORMER PARALEGAL | $105.00 | .20 | $21.00 |
| TOTAL | | 3.70 | $943.00 |

18.     During the Application Period, Seyfarth expended 5.60 hours of time, worth a value of $1403.00, in preparing the Application.

19.     "Section 330(a) [ ] expressly contemplates compensation for preparation of fee applications." Smith v. Edwards & Hale, Ltd. (In re Smith), 317 F.3d 918, 927 (9th Cir. 2002), cert. denied sub nom. Smith v. Grimmett, 538 U.S. 1032, 123 S. Ct. 204, 155 L. Ed. 2d 1060 (2003); see 11 U.S.C. § 330(a)(6).

### C.     Reasonableness of Compensation Requested

20.     In accordance with 11 U.S.C. § 330(a)(1), Seyfarth seeks reasonable compensation for actual and necessary services provided to the Trustee.  Such compensation is fair based upon the time, nature, extent and value of such services and the hours expended and the expertise provided.  Seyfarth's efforts have resulted in tangible and substantial benefit to the Estate, as discussed *supra*.

21.     Seyfarth has kept its time in tenths of an hour, or six minute increments, to most accurately reflect the specific tasks performed.

14566670v.1

22.     Seyfarth has, to the best of its ability, kept to a minimum the amount of time spent by its attorneys engaging in intra-office conferences and double-staffing hearings.

23.     Under the circumstances, the compensation requested by Seyfarth is fair and reasonable, and its allowance and payment, in full, is justified.

### D.     Expenses Incurred by Seyfarth on behalf of Trustee

24.     Seyfarth has incurred actual and necessary expenses in the amount of $490.41 in the performance of the services rendered to the Trustee in the Case.  The expenses primarily relate to photocopying of pleadings filed with the Court and costs associated with conducting research regarding the sale of the Assets.  A detailed listing of the expenses incurred is attached hereto as **Exhibit 4**.

### IV.  STATEMENT OF APPLICANT PURSUANT TO 11 U.S.C. § 504 AND FED R. BANKR. P. 2016

25.     Other than as provided in 11 U.S.C. § 504(b), Seyfarth has not shared or agreed to share any compensation or expense reimbursement as a result of the Case with any person, firm or entity.  No agreement or understanding exists between Seyfarth and any other person, firm or entity concerning the sharing of compensation or expense reimbursement received, or to be received, on account of the Case.

### V.  RELIEF REQUESTED

WHEREFORE Seyfarth respectfully requests that the Court enter an Order:

A.     Allowing Seyfarth final compensation in the total amount of $7,712.00;

B.     Allowing Seyfarth reimbursement of expenses in the amount of $490.41; and

C.     Granting such other and further relief as this Court deems proper.

14566670v.1

Dated:  December 19, 2012

Respectfully submitted,

GUS A. PALOIAN, not individually or
personally, but solely in his capacity as the
Chapter 7 Trustee of  the Debtor's Estate,


By:/s/ Gus A. Paloian
    Gus A. Paloian (06188186)
    James B. Sowka (6291998)
    SEYFARTH SHAW LLP
    131 South Dearborn Street
    Suite 2400
    Chicago, Illinois 60603
    Telephone:  (312) 460-5000
    Facsimile:  (312) 460-7000

10

# Exhibit 1

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

In Re:                                    )          BK No.:   08-32504
JAMES G. LANDA ENTERPRISES, LLC,  )
                                          )
                                          )          Chapter: 7
                                          )          Honorable Eugene R. Wedoff
                                          )
                                          )
              Debtor(s)                   )

**ORDER GRANTING APPLICATION OF CHAPTER 7 TRUSTEE TO RETAIN AND
EMPLOY SEYFARTH SHAW LLP AS HIS COUNSEL, RETROACTIVELY**

This matter came before the Court on the Application of Chapter 7 Trustee to Retain and
Employ Seyfarth Shaw LLP as his Counsel, Retroactively ("Application"), filed on July 9, 2012, by
Gus A. Paloian, not individually, but solely as chapter 7 trustee of the bankruptcy estate of James G.
Landa Enterprises, LLC ("Trustee").  The Application requests this Court's approval of the Trustee's
proposed employment of Seyfarth Shaw LLP, retroactively ("Seyfarth") on an hourly fee basis, in
accordance with the terms and conditions set forth in the Application, to provide legal services as
general counsel to the Trustee ("Services").

 Having considered the Application and the Harney Declaration attached to the Application as Exhibit
1, this Court finds and concludes that: (i) this Court has jurisdiction over this proceeding under 28 U.S.
C. §§ 157 and 1334; (ii) venue is proper in this District under 28 U.S.C. § 1409(a); (iii) this proceeding
is a core proceeding under 28 U.S.C. §§ 157(b)(2); and (iv) due and proper notice of the Application
has been given and no other or further notice is required.  In light of the foregoing,

    IT IS ORDERED THAT:

    1. The Application is GRANTED.

    2. The notice of the Application as given is deemed sufficient and proper.

    3. The Trustee's proposed employment of Seyfarth, retroactively, pursuant to the terms and
conditions set forth in the Application is approved under 11 U.S.C. §§ 105(a), 327(a), and 328(a).

    4. All fees and expenses incurred by the Estate in connection with the Trustee's employment of
Seyfarth are subject to application and approval by further order of this Court under 11 U.S.C. §§ 330
and 331.

                                        Enter:

                                                Honorable Eugene R. Wedoff
Dated:  July 17, 2012                           United States Bankruptcy Judge

**Prepared by:**

Christopher J. Harney (6296683)
SEYFARTH SHAW LLP
131 South Dearborn Street, Suite 2400
Chicago, Illinois 60603
Telephone:  (312) 460-5000

Proposed Counsel to Chapter 7
   Trustee Gus A. Paloian

**SEYFARTH**
ATTORNEYS **SHAW** LLP



**Gus A. Paloian**
*Partner*
Chicago
Direct: (312) 460-5936
Fax: (312) 460-7936
gpaloian@seyfarth.com
vCard

## Biography

**Practices & Sectors**

**Bankruptcy, Workouts & Business Reorganization**

Bankruptcy Litigation

Distressed Transactions

Non-Bankruptcy Remedies

Government Contracts

Commercial Litigation

Real Estate

Development & Construction

Debtor Representation

Mr. Paloian is a partner with a practice emphasis in creditors' rights, bankruptcy, and financial litigation. Prior to joining the Firm in 1985, Mr. Paloian clerked for the Honorable Frederick J. Hertz, United States Bankruptcy Judge for the Northern District of Illinois, Eastern Division.

In bankruptcy matters, Mr. Paloian has often represented national banks and finance companies enforcing their remedies and defending their rights. He has represented financial institutions in cases involving debtors in various segments of the manufacturing and service industries and has extensive experience representing financial institutions in real estate bankruptcies, including health club/sporting facilities, office buildings, manufacturing, and warehousing facilities. Mr. Paloian also represents companies in various industries that have experienced financial problems and seek to restructure their financial problems under the Bankruptcy Code. Mr. Paloian was the lead bankruptcy counsel for the Chicago South Shore and South Bend Railroad in its bankruptcy proceedings. Mr. Paloian also serves as a bankruptcy trustee and is a member of the Panel of Trustees for the Northern District of Illinois, Eastern Division.

## Education

- J.D., DePaul University College of Law (1984)
  *cum laude*
- B.A., Northwestern University (1981)
- Certified Lean Six Sigma Yellow Belt

## Admissions

- Illinois

## Affiliations

- American Bankruptcy Institute
- Turn Around Management Association
- National Association of Bankruptcy Trustees
- Chicago Bar Association (Bankruptcy Committee)
- Illinois Bar Association
- American Bar Association

Copyright © 2012 Seyfarth Shaw LLP. Unless otherwise indicated, attorneys listed in this web site are not certified by the Texas Board of Legal Specialization.

SEYFARTH
ATTORNEYS  SHAW LLP



**James B. Sowka**
*Associate*
Chicago
Direct: (312) 460-5325
Fax: (312) 460-7325
jsowka@seyfarth.com | vCard

# Biography

**Practices & Sectors**

**Bankruptcy, Workouts & Business Reorganization**

Bankruptcy Litigation

Debtor Representation

Non-Bankruptcy Remedies

Distressed Transactions

Commercial Litigation

Real Estate Litigation

Mr. Sowka is a senior associate in the Chicago office of Seyfarth Shaw LLP.  He practices in the areas of bankruptcy law, creditor rights, and commercial and real estate litigation in both federal and state court.  His client representations include debtors, secured lenders, trade creditors, insurers, real property lessors, chapter 7 and chapter 11 bankruptcy trustees, and action defendants.  Mr. Sowka is also a member of the Seyfarth*Lean* initiative for landlord-tenant issues in retail bankruptcy cases.  Seyfarth*Lean* adopts Lean Six Sigma methodologies through application of a process-driven methodology that involves mapping the delivery of services in order to identify efficiencies and to better predict costs for our clients.

Prior to joining the firm, Mr. Sowka worked as a trial attorney for the U.S. Department of Justice, Office of the U.S. Trustee in both Chicago, Illinois and Miami, Florida where he gained significant experience with bankruptcy asset sales, chapter 11 plan confirmations, chapter 11 trustee and examiner appointments, denial of discharge actions, and investigation and prosecution of bankruptcy fraud and abuse.

Mr. Sowka is an active member of the bar in Illinois and Florida.  In 2011, Mr. Sowka was selected to participate in the National Conference of Bankruptcy Judges Next Generation Program for up-and-coming bankruptcy attorneys.  At the University of Arizona College of Law, Mr. Sowka was a member of the national moot court team and a judicial extern for the Honorable John F. Kelly in Pima County Superior Court in Tucson, Arizona.   Mr. Sowka also serves as an officer and director for Friends of Pulaski, a not-for-profit organization that supports Pulaski International School - the only public elementary school in Chicago offering an International Baccalaureate based curriculum.

## Education

- J.D., University of Arizona College of Law (2004)
- B.A., University of Illinois (1998)
  Phi Kappa Phi; College Honors

## Admissions

- Florida

## Courts

- U.S. District Court for the Northern District of Illinois
- U.S. Court of Appeals for the Seventh Circuit
- U.S. District Court for the Southern District of Florida
- U.S. District Court for the Middle District of Florida

## Affiliations

Chicago Bar Association

Copyright © 2012 Seyfarth Shaw LLP. Unless otherwise indicated, attorneys listed in this Web site are not certified by the Texas Board of Legal Specialization.

SEYFARTH
ATTORNEYS SHAW LLP

- Director, Young Lawyers Section (2011-2013)
- Co-Chair, Young Lawyers Section Bankruptcy Committee (2008-2011)

Friends of Pulaski

- Officer and Director (2012 - 2013)

Bankruptcy Court Liaison Committee, Northern District of Illinois

- Representative of the Office of the U.S. Trustee (2007-2008)

American Bankruptcy Institute

## Representative Engagements

- Representation of chapter 7 trustee in wind-down and sale of operating  technology company and prosecution of avoidance actions and other claims.
- Representation of large, commercial bank in individual chapter 11 bankruptcy case involving over $100 million in real estate related claims.  Successfully obtained appointment of chapter 11 trustee and favorable settlement involving over $16.5 million in disputed state and federal income tax refunds.
- Representation of national insurance company in individual chapter 7 bankruptcy.  In case of first impression, obtained denial of debtor's claimed exemption in Supplemental Executive Retirement Plan benefits.
- Representation of petitioning creditors in involuntary chapter 7 bankruptcy proceeding against defunct regional grocery store chain which resulted in entry of order for relief and commencement of chapter 7 bankruptcy case.
- Representation of large, commercial bank in $26 million single asset real estate bankruptcy.  Prevailed in objecting to confirmation of debtor's chapter 11 plan following two-day trial, later secured confirmation of joint chapter 11 plan of liquidation with debtor, and obtained order recharacterizing $17.5 million insider claim as equity and successfully defended appeal to the Seventh Circuit Court of Appeals regarding same.
- Representation of chapter 7 trustee in wind-down of operating logistics and warehouse company with two facilities totaling over 615,000 sq. ft. in space, liquidation of inventory and personal property, and sale of real property.
- Representation of national insurance company in chapter 11 asbestos bankruptcy case involving contested plan confirmation which resulted in multimillion dollar settlement agreement.
- Representation of secured lender in $40 million single asset real estate bankruptcy.  Obtained confirmation of joint plan of liquidation with chapter 11 trustee and sale of real property.

## Presentations

- "Commercial Real Estate in Distress" Chicago Bar Association Young Lawyers Section Bankruptcy Seminar (October 7, 2010)
- "Mortgage Fraud," presented by the Office of the United States Trustee, Chicago Bar Association Young Lawyers Section Bankruptcy Committee Meeting (2008)

## Publications

- Author, "U.S. Supreme Court Resolves Circuit Split In Favor Of Secured Lenders' Credit-Bid Rights In Chapter 11 Bankruptcy Cases," *One Minute Memo - Seyfarth Shaw* (June 4, 2012)
- Co-author, "Not All Retirement Plans Are Created Equal - ERISA Top-Hat Plans Constitute Property of the Bankruptcy Estate," *American Bankruptcy Institute Journal* (September 2011)
- Co-author, "Seventh Circuit Upholds Secured Lenders' Credit-Bid Rights In Chapter 11 Bankruptcy," *One Minute Memo - Seyfarth Shaw* (July 15, 2011)
- Co-author, "Lenders' Right to Credit Bid Tested Before 7th Circuit," *The National Law Journal* (November 29, 2010)

Copyright © 2012 Seyfarth Shaw LLP. Unless otherwise indicated, attorneys listed in this Resume are not certified by the Texas Board of Legal Specialization.

**SEYFARTH**
ATTORNEYS **SHAW**LLP



**Christopher J. Harney**
*Associate*
Chicago
Direct: (312) 460-5246
Fax: (312) 460-7246
charney@seyfarth.com
vCard

## Biography

**Practices & Sectors**

**Bankruptcy, Workouts & Business Reorganization**

Debtor Representation

Commercial Litigation

Non-Bankruptcy Remedies

Distressed Transactions

Bankruptcy Litigation

Mr. Harney is a bankruptcy associate in the Chicago office of Seyfarth Shaw LLP. Mr. Harney concentrates his practice in areas of bankruptcy law and litigation, creditor rights, corporate reorganizations, pre-bankruptcy planning and negotiations, commercial and real estate litigation, and general commercial litigation. He has represented clients in both state and federal courts and his client representations include debtors, secured lenders, trade creditors, insurers, real property lessors, chapter 7 and chapter 11 bankruptcy trustees. He also has litigation experience in construction law, breach of contract matters, mortgage foreclosures, premises-liability, and intellectual property.

Mr. Harney serves as a co-chair for the Bankruptcy Committee of the Young Lawyers Section of the Chicago Bar Association. He is also an active board member of the Young Professionals Board of the Chicago Bar Foundation, the charitable arm of the Chicago Bar Association and one of the wrestling team representatives for the Graduate "Order of the C," an alumni association of the University of Chicago.

## Education

- J.D., University of Mississippi, *cum laude* (2008)
  Member, Moot Court Team and Moot Court Membership Committee
  Moss Scholarship Recipient, 2006-2007
  Semifinalist in State of Mississippi Appellate Advocacy Competition
- B.A., University of Chicago (2004)
  Chicago Police/Fire Full-Tuition Merit Scholarship, 2000-2004
  Dean's List, 2000-2003

## Admissions

- Illinois

## Courts

- U.S. District Courts for the Northern District of Illinois

## Affiliations

Chicago Bar Association

- Co-Chair, Young Lawyers Section Bankruptcy Committee (2011-present)

Chicago Bar Foundation

- Member, Young Professionals Board (2011-present)

University of Chicago's Order of the C

- Wrestling Team Representative

Copyright © 2012 Seyfarth Shaw LLP. Contents of website indicated.
Attorneys listed on this Web site are authorized to the Texas Board of
Legal Specialization.

SEYFARTH
ATTORNEYS SHAW LLP

## Presentations

- Moderator, "What Every Bankruptcy Practitioner Should Know About Exceptions to Discharge (§ 523) and Denial of Discharge (§ 727) (June 2012)

- Co-presenter, "Practice Pointers in Preference Litigation," Chicago Bar Association (April 2011)

- Presenter, "Underwater Stock Options," Legal Seminar sponsored by the Illinois Paralegal Association, Chicago, IL (May 2009)

## Publications

- "Austin, Texas Paves the Way to Expansion of Green Building," *Green Space Today* (April 2009)

Copyright © 2012 Seyfarth Shaw LLP. Unless otherwise indicated, attorneys listed in this Web site are not certified by the Texas Board of Legal Specialization.

# Exhibit 2

# Exhibit 3

## CASE ADMINISTRATION

| Date | Description | Timekeeper | Hours | Value |
|------|-------------|------------|-------|-------|
| 01/20/09 | Review various emails from G. Paloian regarding new chapter 7 asset case, James Landa and retention of auctioneer (.20); confer with J. McManus regarding preparation of an application for employment of an auctioneer (.10). Review email from J. McManus regarding progress in preparing application for employment (.10). | J. Sowka | 0.40 | 124.00 |
| 01/27/09 | Confer with J. McManus regarding preparation of application for employment of liquidator in new U.S. Trustee bankruptcy case. | J. Sowka | 0.20 | 62.00 |
| 01/29/09 | Review application to employ liquidators in chapter 7 case of James G. Landa Enterprises, LLC 08-32504 (.70); confer with J. McManus regarding revisions (.10). | J. Sowka | 0.80 | 248.00 |
| 02/24/09 | Prepare for court hearing and appear before court on Landa application for employment to auction estate assets. | J. Sowka | 0.80 | 248.00 |
| 03/11/09 | Prepare case status report. | J. McManus | 0.20 | 46.00 |
| 06/16/09 | Prepare case status report. | J. McManus | 0.30 | 69.00 |
| 07/23/09 | Revise case status report. | J. McManus | 0.20 | 46.00 |
| 09/14/09 | Revise case status report for meeting with G. Paloian. | J. McManus | 0.20 | 46.00 |
| 08/13/10 | Prepare quarterly status report for meeting with G. Paloian. | J. McManus | 0.20 | 47.00 |
| 08/27/10 | Investigate status, revise status report and prepare for case status meeting with G. Paloian and R. Podorovsky (.10); attend meeting regarding same (.20). | J. McManus | 0.30 | 70.50 |
| 05/25/11 | Prepare case status report. | J. McManus | 0.10 | 24.50 |
| 07/09/12 | Prepare retention motion and proposed order for filing (.30); file retention application (.20); coordinate service and calendar hearing (.30). | A. Connor | 0.80 | 212.00 |
| 07/12/12 | Call from T. Scamal regarding receipt of retention agreement motion (.10); research T. Scambal's involvement in case and status as creditor (.20); call with T. Scamal regarding the same (.10). | C. Harney | 0.40 | 126.00 |
| 07/17/12 | Conference with J. McManus regarding case status (.20); conference with G. Paloian regarding Motion to Retain (.10); review motion to retain (.20); in court on hearing on Motion to Retain (.80). | C. Harney | 1.30 | 409.50 |
| 07/17/12 | Prepare C. Harney for court hearing on Seyfarth's retroactive retention. | J. McManus | 0.20 | 51.00 |
| **TOTAL** | | | **6.40** | **$1,829.50** |

14339927v.2

## FEE APPLICATIONS

| 05/10/11 | Prepare Fee Application. | J. McManus | 1.00 | 245.00 |
|---|---|---|---|---|
| 07/05/11 | Revise Seyfarth Fee Application. | J. McManus | 0.50 | 122.50 |
| 09/19/11 | Revise Seyfarth Fee Application.. | J. McManus | 0.40 | 98.00 |
| 09/22/11 | Revise Seyfarth Fee Application. | J. McManus | 0.60 | 147.00 |
| 03/13/12 | Prepare Final Fee Application. | J. McManus | 0.70 | 178.50 |
| 03/14/12 | Prepare Final Fee Application. | J. McManus | 0.50 | 127.50 |
| 03/15/12 | Revise Seyfarth Fee Application. | J. McManus | 0.50 | 127.50 |
| 03/30/12 | Revise Seyfarth Fee Application (.50); revise Trustee Fee Application (.30). | J. McManus | 0.80 | 204.00 |
| 03/30/12 | Prepare Final Fee Application. | J. McManus | 0.60 | 153.00 |
| | | | **5.60** | **1,403.00** |

## CLAIMS ADMINISTRATION AND ANALYSIS

| Date | Description | Timekeeper | Hours | Amount |
|---|---|---|---|---|
| 05/10/11 | Review claims. | J. McManus | 0.40 | 98.00 |
| 03/30/12 | Download claims into TES for review/analysis. | J. McManus | 0.30 | 76.50 |
| 02/16/10 | Review claims for case closing. | N. Bouchard | 0.40 | 50.00 |
| 06/15/10 | Claims analysis (.60); confer with G. Paloian regarding potential objection to claims (.20). | J. McManus | 0.90 | 211.50 |
| 08/26/10 | Re-analyze claims. | J. McManus | 0.50 | 117.50 |
| 10/25/10 | Follow-up regarding unresolved claims issues. | J. McManus | 0.40 | 94.00 |
| 04/04/12 | Review claims. | J. McManus | 0.30 | 76.50 |
| 04/17/12 | Resolve Bank of America duplicate claims (.20); revise claims ledger (.20). | J. McManus | 0.40 | 102.00 |
| 04/24/12 | Telephone conferences with Bank of America regarding duplicate, erroneously classified claims. | A. Connor | 0.80 | 212.00 |
| 04/25/12 | Conduct Landa/Aquaworks UCC searches regarding Bank of America claims (.70); conduct Cook County Circuit Court search regarding judgment (.10); follow up with J. McManus regarding same (.10). | A. Connor | 1.00 | 265.00 |
| 05/03/12 | Telephone conference with Colin McClary regarding bank claim (.30). | G. Paloian | 0.30 | 180.00 |
| 05/18/12 | Review claim (secured) regarding objection. | G. Paloian | 0.30 | 180.00 |
| 05/22/12 | Communication with Bank counsel regarding lack of perfection of security interest and agreed order reclassify claim (.30). | G. Paloian | 0.30 | 180.00 |
| 05/25/12 | Draft Agreed Motions regarding Bank of America Claim Nos. 2 and 4. | J. McManus | 0.60 | 153.00 |
| 05/28/12 | Revise Motion for Entry of Agreed Order regarding Bank of America Claim No. 2 (.40); prepare Agreed Order regarding Claim No. 2(.20); Revise Motion for Entry of Agreed Order regarding Bank of America Claim No. 4 (.40); prepare Agreed Order regarding Claim No. 4 (.20). | J. McManus | 1.20 | 306.00 |
| 05/29/12 | Review agreed order resolving secured claim (No. 4) (.20). | G. Paloian | 0.20 | 120.00 |
| 06/06/12 | Review and revise agreed motions for agreed orders reclassify and withdrawing proofs of claim filed by Bank of America (.20); confer with J. McManus regarding same (.10). | J. Sowka | 0.30 | 118.50 |
| 06/06/12 | Revise Motion to Reclassify Claim No. 2 (.10); assemble exhibits to Motion for filing (.20); cause same to be filed with the Court (.20); revise Motion to Withdraw Claim No. 4 (.10); assemble exhibits to Motion for filing (.20); cause same to be filed with the Court (.20). | J. McManus | 1.00 | 255.00 |

3

14339927v.2

## SALE OF ASSETS

| | | | | |
|---|---|---|---|---|
| 02/03/09 | Exchange messages with D. Huckstra of BNC National Bank regarding inquiry into proposed asset sale. | J. Sowka | 0.20 | 62.00 |
| 02/23/09 | Review documentation received from C. Matsakis regarding items belonging to Rohl LLC. | J. McManus | 0.20 | 46.00 |
| 02/27/09 | Confer with creditor regarding claim against estate and potential for delivery and liquidation of asset. | J. Sowka | 0.10 | 31.00 |
| 03/17/09 | Follow-up with G. Paloian and J. Sowka regarding status of inventory sales. | J. McManus | 0.10 | 23.00 |
| 06/16/09 | Investigate status of sales of inventory. | G. Paloian | 0.30 | 162.00 |
| 06/16/09 | Telephone conference with C. Matsakis regarding status of asset liquidation (.10); review report of sales and invoices regarding same (.40). | J. McManus | 0.50 | 115.00 |
| 06/17/09 | Meeting with G. Paloian regarding case status (.10); confer with C. Matsakis regarding outstanding items to be liquidated (.20); review reports (.10). | J. McManus | 0.40 | 92.00 |
| 06/18/09 | E-mail communications with C. Matsakis regarding remaining inventory and payments on liquidated assets. | J. McManus | 0.20 | 46.00 |
| 06/23/09 | Communications with C. Matsakis regarding liquidation of remaining assets. | J. McManus | 0.10 | 23.00 |
| 07/02/09 | Follow-up with C. Matsakis regarding listing of remaining assets. | J. McManus | 0.20 | 46.00 |
| 07/08/09 | Review on-line list of liquidation items remaining (.10); discuss same with G. Paloian (.10). | J. McManus | 0.20 | 46.00 |
| 07/16/09 | Confer with G. Paloian regarding liquidation receipts (.10); review liquidation sales listing (.10). | J. McManus | 0.20 | 46.00 |
| 08/04/09 | Telephone conference with C. Matsakis regarding liquidation status. | J. McManus | 0.10 | 23.00 |
| 09/15/09 | Phone call to Chicago Liquidators regarding collection efforts for G. Paloian. | N. Bouchard | 0.20 | 21.00 |
| 08/28/09 | Review liquidation report of Chicago Liquidators. | J. McManus | 0.20 | 46.00 |
| 08/31/09 | Revise liquidator's report. | J. McManus | 0.10 | 23.00 |
| 09/08/09 | Follow-up with Chicago Liquidators regarding asset liquidation report and status of remaining assets to be liquidated. | J. McManus | 0.20 | 46.00 |
| 10/26/09 | Follow-up with C. Matsakis regarding liquidation status. | J. McManus | 0.20 | 46.00 |
| **TOTAL** | | | **3.70** | **943.00** |
| **Total Fees** | | | | **$8,054.00** |

14339927v.2

| Task | Description | Hours | Value |
|------|-------------|-------|-------|
| A | Case Administration | 6.40 | $1,829.50 |
| C | Fee Applications | 5.60 | $1,403.00 |
| CC | Claims Administration and Analysis | 11.50 | $3,536.50 |
| S | Sale of Assets | 3.70 | $943.00 |
| | | **27.20** | **$7,712.00** |

6

14339927v.2

**Exhibit 4**

## DISBURSEMENTS

| Date | Description | Value |
|------|-------------|-------|
| 08/27/09 | Online Research-Westlaw 7/09 | 250.56 |
| 04/29/10 | Online Research -  PACER SERVICE CENTER 4/7/10 | 0.40 |
| 03/06/12 | Long Distance Telephone | 0.95 |
| 07/12/12 | Copying @ .10 cents per page - Agreed Motions for Service | 238.50 |
| **TOTAL** | | **$490.41** |

**Total Disbursements**                                                                      $490.41

**Total Fees And Disbursements This Statement**                          **$8,202.41**

LANDA FEE APPLICATION - SEYFARTH